UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REAMEL CURTIS,<br><br>        Plaintiff,<br><br>    vs.<br><br>KELLI HARRINGTON, et al.,<br><br>        Defendants. | 1:15-cv-00553-LJO-EPG-PC<br><br>ORDER FINDING COGNIZABLE CLAIMS<br><br>ORDER FOR PLAINTIFF TO EITHER:<br><br>  (1)  FILE AN AMENDED COMPLAINT,<br><br>  (2)  NOTIFY COURT OF HIS WILLINGNESS TO PROCEED ONLY AGAINST DEFENDANTS GONZALEZ AND BUGARIN FOR FAILURE TO PROTECT<br><br>OR<br><br>  (3)  NOTIFY COURT THAT HE STANDS ON THE FIRST AMENDED COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS CONSISTENT WITH THIS ORDER<br><br>THIRTY-DAY DEADLINE<br><br>(ECF No. 12) |

**I.    BACKGROUND**

Reamel Curtis ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On April 10, 2015, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On April 12, 2016, this Court issued a screening order finding no cognizable claims and giving leave to amend. (ECF No. 9.) On

June 17, 2016, Plaintiff filed a First Amended Complaint (FAC), (ECF No. 12), which is before this Court for screening.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678. The mere possibility of misconduct falls short of meeting this plausibility standard. Id. While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III.   PLAINTIFF'S ALLEGATIONS

The events at issue in the First Amended Complaint allegedly occurred at Corcoran State Prison (CSP) in Corcoran, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names F. P. Field, J. Bugarin, J. Gonzalez, and Flores as Defendants. Defendants were all employed by the

CDCR during the relevant time.

Plaintiff alleges in the First Amended Complaint that Defendants failed to protect him from assault by a known enemy inmate and used excessive force against him. Specifically, Plaintiff was housed in cell 3B03-105 at CSP on October 3, 2011. That day, he was involved in a physical altercation with inmate Butler, who was in the same building but a different cell, i.e., 101.

A disciplinary hearing was held on November 11, 2011 and Plaintiff was found guilty solely on the basis of the officer's report.

Plaintiff was not separated from Butler after this altercation. They were merely returned to their cells.

On October 7, 2011, Plaintiff was attacked by inmate Butler, who had become a documented enemy. As a result of this incident, Plaintiff and inmate Butler were put in Administrative Segregation (Ad-Seg).

On November 30, 2011, Plaintiff appeared before the classification committee. Plaintiff was placed in 3-B facility and Butler was placed in 3-A facility. 3-B was gradually being converted to a sensitive needs facility. On February 26, 2012, Plaintiff was endorsed to the general population at SATF. However, Plaintiff was transferred to the 3-A facility, rather than to SATF. This was done based on Defendant J. Bugarin's recommendation. Plaintiff was thus in the same building as inmate Butler, although in another cell.

Plaintiff saw inmate Butler in his same housing unit on April 5, 2012. Plaintiff notified custody staff to inform them that he had a documented enemy at his housing location and requested to be moved, but Defendant J. Gonzales refused to respond.

When Plaintiff went outside his cell on April 26, 2012, he was attacked by inmate Butler and suffered injuries. Additionally, he suffered from two instantaneous oleoresin capsicum (OC) blast grenades that detonated near him, injuring his eyes. These OC grenades were fired by Defendant Flores.

Defendant Gamboa arbitrarily found Plaintiff guilty even though he had known inmate Butler was a documented enemy.

Plaintiff brings a claim against Defendants Bugarin, Gonzalez, and Field for deliberate indifference for failing to provide Plaintiff with safety and security from violence. He also brings a claim against Defendant Flores for excessive force based on firing the OC grenades near Plaintiff.

### IV.     PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of

causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A.     Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently "substantial risk of serious harm" to his future health. Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir.

1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

The Court finds that Plaintiff has alleged a claim based on a failure to protect against J. Gonzalez and J. Bugarin. After Plaintiff was mistakenly placed in unit 3-A rather than SATF, the FAC alleges that Plaintiff informed unnamed prison staff that a documented enemy was housed with him, but that Defendant Gonzalez in particular refused to respond to Plaintiff's notification. The FAC also states a claim for failure to protect against Defendant Bugarin, who Plaintiff alleges made the decision to transfer him to 3-A, rather than SATF. Plaintiff alleges that "J. Bugarin had known inmate Butler was a documented enemy as Plaintiff's correctional counselor when he approved Plaintiff to be moved to 3A facility with Butler, resulting in Plaintiff being attacked, and injuries." Generously construed, these specific allegations regarding the knowledge and action or failure to take action by these two individual defendants states a claim under the law discussed above.

The FAC fails to state a claim against any of the other Defendants for a failure to protect claim. He does not name the other prison staff he told, described above, nor that any other specific defendant knew of Plaintiff's concerns at that time and refused to act. Plaintiff's allegations against F.P. Fields are not specific regarding knowledge and deliberate indifference. Instead, Plaintiff alleges a general failure to train and provide a safe environment. Moreover, although Plaintiff discusses a history of complaints about inmate Butler before the last fight, it appears that the prison took actions at previous times including documenting inmate Butler as an enemy, and moving Plaintiff to 3-B (until it was converted to a sensitive needs facility).

B.  **Excessive Force – Eighth Amendment Claim**

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to

cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff's FAC fails to state a claim for excessive force against Defendant Flores. Plaintiff has alleged that Defendant Flores used an OC Blast Grenade and that it injured him. But the use was in the context of a fight between Plaintiff and inmate Butler. There are no allegations to suggest that Defendant Flores used the blast maliciously or sadistically to cause harm. Instead, it appears from the complaint that force was used to maintain and restore discipline in a situation involving inmate fighting.

V.     **CONCLUSION AND ORDER**

The Court finds that Plaintiff's First Amended Complaint states cognizable claims against Defendants Gonzalez and Bugarin for failure to protect. However, Plaintiff fails to state any other claims or any claims against the remaining defendants.

Plaintiff shall be required to either file an Amended Complaint, or notify the Court of his willingness to proceed only on the failure to protect claims against Gonzalez and Bugarin. Should Plaintiff choose to proceed only on the cognizable claims, the Court will begin the process to initiate service upon Defendants Gonzalez and Bugarin.

Plaintiff may also choose to file an amended complaint, if he believes that additional factual allegations would state a claim under the legal standards described above. Should Plaintiff choose to amend the complaint, the Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff should state clearly, in his own words, what happened and how each defendant's actions violated the particular right described by Plaintiff.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding allegations of events occurring or claims arising after the original Complaint. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.

If Plaintiff decides to file an amended complaint, he is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading. Local Rule 220. Once an amended complaint is filed, the prior complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended

Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:

    (1) File an amended complaint curing the deficiencies identified in this order,

    (2) Notify the Court in writing that he does not wish to file an amended complaint and is instead willing to proceed only on the cognizable failure to protect claims against Defendants Gonzalez and Bugarin, or

    (3) Notify the Court in writing that he stands on the First Amended Complaint as filed, subject to dismissal of claims consistent with this order;

3. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:15-cv-00553-LJO-EPG-PC; and

4. If Plaintiff fails to comply with this order, this action may be dismissed for failure to comply with a Court order.

IT IS SO ORDERED.

Dated:   **September 8, 2016**          /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE