UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REAMEL CURTIS,<br><br>          Plaintiff,<br><br>     vs.<br><br>KELLI HARRINGTON, *et al.*,<br><br>          Defendants. | 1:15-cv-00553-LJO-EPG-PC<br><br>ORDER TO SHOW CAUSE AS TO WHY JUDGMENT SHOULD NOT BE ENTERED IN FAVOR OF DEFENDANTS FOR FAILURE TO RESPOND TO DISPOSITIVE MOTION<br><br>**FOURTEEN DAY DEADLINE** |

Curtis Reamel ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On April 10, 2015, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)  This case is proceeding on Plaintiff's Eighth Amendment claim for failure to protect against defendants Gonzalez and Burgarin ("Defendants").  (ECF Nos. 15, 20.)

On June 14, 2017, Defendants filed a motion for summary judgment contending that judgment should be entered in their favor because Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted").  Defendant Burgarin moved for summary judgment on the additional ground that he was not involved in the underlying events giving rise to Plaintiff's claim.

Defendants' motion contained a warning to Plaintiff concerning the consequences of failing to oppose a motion for summary judgment, including the requirements of Local Rule 260. (ECF No. 35-1). Under Local Rule 230(l), Plaintiff had 21 days to respond to the motion for summary judgment.  No response has been filed as of the date of this order.

1

1  Under Local Rule 260(b), a party opposing a motion for summary judgment is required
2  to "reproduce the itemized facts in the [movant's] Statement of Undisputed Facts and admit
3  those facts that are undisputed and deny those that are disputed, including with each denial a
4  citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer,
5  admission, or other document relied upon in support of that denial."  Local Rule 230(l) further
6  provides that a "[f]ailure of the responding party to file an opposition or to file a statement of
7  no opposition may be deemed a waiver of any opposition to the granting of the motion and may
8  result in the imposition of sanctions."

9  Accordingly, Plaintiff is ORDERED to show cause as to why judgment should not be
10 entered in favor of Defendants for Plaintiff's failure to respond to the pending motion for
11 summary judgment.

12 Plaintiff's show cause response shall be filed no later than 14 days after the date of this
13 order.

IT IS SO ORDERED.

Dated:  **July 27, 2017**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE