| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| REAMEL CURTIS,<br><br>        Plaintiff,<br><br>    vs.<br><br>KELLI HARRINGTON, *et al.*,<br><br>        Defendants. | 1:15-cv-00553-LJO-EPG-PC<br><br>ORDER DENYING MOTION TO AMEND COMPLAINT WITHOUT PREJUDICE<br><br>(ECF No. 43) |

      Curtis Reamel ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case is proceeding on Plaintiff's Eighth Amendment claim for failure to protect against defendants Gonzalez and Burgarin ("Defendants"). (ECF Nos. 13, 15, 20). Plaintiff's First Amended Complaint alleges that Defendant Burgarin recommended his transfer to the "3-A" facility where Plaintiff's documented enemy, inmate Butler, was being housed. Plaintiff was later attached by Butler.

      The Court held a telephonic discovery and status conference on September 12, 2017. In response to defense counsel's argument that Defendant Burgarin did not recommend his transfer to the 3-A facility, Plaintiff stated that Defendant Burgarin personally escorted him to 3-A. Plaintiff also expressed an intention to amend in order to add the individuals who recommended his transfer to 3-A. Plaintiff claimed these individuals were identified in the Defendants' pending motion for summary judgment.

      On September 18, 2017, Plaintiff filed a motion requesting an amendment to his civil rights complaint in order to add Wade Rasley and Tracy Noland as Defendants in this case. The motion also states additional facts above regarding Defendant Burgarin.

      While the Court would be inclined to allow Plaintiff to amend his complaint is properly filed, Plaintiff did not follow the correct procedures. Plaintiff's motion appears to be a piecemeal amendment to the First Amended Complaint, which is improper. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) ("As a general rule, when a plaintiff files an

1

amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.' Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.1967)"). If Plaintiff wishes to amend, Local Rules require that he must file a motion for leave to file a Second Amended Complaint, attach the proposed complaint as an exhibit, and the proposed amendment must be complete in itself without reference to the prior or superseded pleading. CAED Local Rules 137, 220.

Should Plaintiff choose to re-file a motion for leave to file a Second Amended Complaint, the proposed amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim thats plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *Iqbal*, 556 U.S. at 677. Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones*, 297 F.3d at 934 (emphasis added). Plaintiff should state clearly, in his own words, what happened and how each defendant's actions violated the particular right described by Plaintiff.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding allegations of events occurring or claims arising after the original Complaint. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form; and

\\\
\\\
\\\
\\\
\\\

2. Should Plaintiff choose to amend the complaint, Plaintiff shall file a motion for leave to file an amended complaint and submit a proposed amended complaint captioned "Second Amended Complaint" and refer to the case number 1:15-cv-00553-LJO-EPG.

IT IS SO ORDERED.

Dated: **November 20, 2017**     /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE