|   |   |
|---|---|
| REAMEL CURTIS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>KELLI HARRINGTON, *et al.*,<br><br>　　　　Defendants. | 1:15-cv-00553-LJO-EPG-PC<br><br>ORDER GRANTING MOTION TO COMPEL<br><br>(ECF No. 51)<br><br>ORDER TAKING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT UNDER ADVISEMENT<br><br>(ECF No. 56)<br><br>ORDER SETTING DISPOSITIVE MOTIONS DEADLINE |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Curtis Reamel ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case is proceeding on Plaintiff's Eighth Amendment claim for failure to protect against defendants Gonzalez and Burgarin ("Defendants"). (ECF Nos. 13, 15, 20). Plaintiff's First Amended Complaint, (ECF No. 12), alleges that he was wrongfully transferred to the "3-A" facility at California State Prison Corcoran ("CSP-Corcoran"), where Plaintiff's documented enemy (inmate Butler) was being housed. Plaintiff was later assaulted and injured by inmate Butler.

The Court held a status conference on March 7, 2018. Plaintiff appeared *pro se* and counsel Lucas L. Hennes appeared for Defendants.

1

The Court granted the pending motion to compel (ECF No. 51) complete discovery responses to Defendant Bugarin's interrogatories #7-8. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii)-(a)(4) ("A party seeking discovery may move for an order compelling an answer … if: (iii) a party fails to answer an interrogatory submitted under Rule 33 … an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond"). Defendant Bugarin's interrogatories 7-8 and the responses presently state as follows:

> 7. State all instances when you personally interacted with Defendant Bugarin after January 25, 2012. For each interaction, Plaintiff was also asked to list the date and time, as well as any other persons who were present for the interaction.
>
> **RESPONSE:** 4.5.12.
>
> 8. State all facts in support of his contention that he was transferred to Facility 3-A in 2012 based on Defendant Bugarin's recommendation, as stated in the First Amended Complaint. (ECF No. 12 at 8.)
>
> **RESPONSE:** Fact counselor Bugarin personally escorted Plaintiff to 3-A Facility which resulted [in] me to get[ting assaulted] by known documented enemy.

(ECF No. 51-2 at 19.) At the status conference, Plaintiff indicated that there was more information to be added to both responses. Accordingly, the Court granted the motion to compel and directed Plaintiff to serve amended responses upon Defendant Bugarin by March 23, 2018.

The Court also discussed the pending motion for leave to file a Second Amended Complaint and the dispositive motions deadline.

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant Burgarin's motion to compel complete discovery responses to interrogatories 7-8 (ECF No. 51) is GRANTED;

2. Plaintiff is ORDERED to serve amended responses to interrogatories 7-8 upon Defendant Bugarin by March 23, 2018;

3. Plaintiff's motion for leave to filed a Second Amended Complaint (ECF No. 56) is taken under advisement; and

4. The dispositive motions deadline is RESET to April 28, 2018.

IT IS SO ORDERED.

Dated: **March 7, 2018**

/s/ *Eric P. Grosjean*
UNITED STATES MAGISTRATE JUDGE