UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REAMEL CURTIS,<br><br>    Plaintiff,<br><br>vs.<br><br>KELLI HARRINGTON, *et al.*,<br><br>    Defendants. | 1:15-cv-00553-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT BE DENIED<br><br>(ECF No. 56)<br><br>OBJECTIONS, IF ANY, DUE IN 21 DAYS |

**I.    INTRODUCTION**

Curtis Reamel ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case is proceeding on Plaintiff's Eighth Amendment claim for failure to protect against Defendants Gonzalez and Bugarin ("Defendants"). (ECF Nos. 13, 15, 20). Plaintiff's First Amended Complaint, (ECF No. 12), alleges that he was wrongfully transferred to the "3-A" facility at California State Prison-Corcoran ("CSP-Corcoran"), where Plaintiff's documented enemy (inmate Butler) was being housed. Plaintiff was later assaulted and injured by inmate Butler.

Presently before the Court is Plaintiff's motion for leave to file a Second Amended Complaint. (ECF No. 56.) Defendants Gonzalez and Bugarin have filed an opposition to the

motion. (ECF No. 59.) For the following reasons, it is RECOMMENDED that Plaintiff's motion for leave to file a Second Amended Complaint (ECF No. 56) be DENIED.

**II.    PROCEDURAL BACKGROUND**

Plaintiff filed the Complaint commencing this action on April 10, 2015. (ECF No. 1.) The Court screened the Complaint on April 12, 2016 pursuant to its authority in 28 U.S.C. § 1915A, and granted Plaintiff leave to file a First Amended Complaint ("1AC"). (ECF No. 9.) In the Order, Plaintiff was given specific instructions regarding the procedures for filing an amended complaint. (*Id*. at 11-12.)

On June 17, 2016, Plaintiff filed the 1AC. (ECF No. 12.) The Court screened the 1AC on September 9, 2016, and found cognizable claims against Defendants Bugarin and Gonzales for failure to protect in violation of the Eighth Amendment to U.S. Constitution. (ECF No. 13.) The Court again granted Plaintiff leave to file an amended complaint or file notice electing to stand on the 1AC subject to recommendations to the assigned District Judge. (*Id*.) Plaintiff filed a notice electing to stand on the 1AC. (ECF No. 14.) Findings and recommendations consistent with the Court's screening order, (ECF No. 15), were adopted on December 6, 2016. (ECF No. 20.)

On May 2, 2017, non-expert discovery opened and an initial scheduling conference was held in this case. (ECF No. 32.) During the conference,[1] counsel for Defendants raised the issue that Plaintiff has brought this case against the wrong defendants and amendment to the complaint was required for Plaintiff to continue in good faith. Defense counsel stated that their initial disclosures to Plaintiff would indicate the names of the person(s) responsible for his transfer to Facility 3-A. Plaintiff responded, "I don't think that's correct at all. I am not going to amend my complaint. I am going to just follow through with… I think speedy trial would be the best thing right now." Defense counsel suggested that Plaintiff reconsider in the interest of

---

[1] While there is not a transcript for this conference at this time, audio of the proceedings were recorded. When proceedings have been recorded as the official record by electronic sound recording equipment, parties may choose to purchase copies of the electronic sound recording files, from the clerk of court in lieu of transcript for their own use. Orders for audio recordings should be submitted to the clerk's office on Form CAED 436 (Audio Recording Order).

2

not wasting his time, the Court's time, and state resources. The Court also discussed this issue with Plaintiff, suggesting that if what defense counsel says is true, he may want to consider amending his complaint to add the correct people or consider propounding discovery to learn who was involved with his transfer. Plaintiff responded, "No, I would like to go forward… I have the right people." Following the scheduling conference, the Court set deadlines for non-expert discovery (November 17, 2017) and dispositive motions (December 20, 2017). (ECF No. 34.)

On June 14, 2017, Defendants Bugarin and Gonzales filed a motion for summary judgment. (ECF No. 35.) Defendant Bugarin requested summary judgment in his favor, arguing that he was not personally involved in Plaintiff's transfer to Facility 3-A. (ECF No. 35-3 at 7-8.) The undisputed material facts section of the motion stated:

> 12. On April 5, 2012, Officer Noland requested that Plaintiff be transferred to Facility 3-A. (Declaration of J. Bugarin, ¶ 7; Ex. C.)
>
> 13. On April 5, 2012, Sergeant Rasley approved the pending request to transfer Plaintiff to Facility 3-A. (Declaration of J. Bugarin, ¶ 7; Ex. C.)

(ECF No. 35-2 at 2 ¶¶ 12-13.)

When Plaintiff failed to file a timely response to the motion for summary judgment, the Court entered an Order to show cause why judgment should not be entered in favor of Defendants Bugarin and Gonzales. (ECF No. 37.) After the Order to show cause was discharged and an extension of time was granted, (ECF No. 39), Plaintiff filed a response to the motion for summary judgment on September 18, 2017, (ECF No. 44). The response argued with supporting evidence that Defendant Bugarin was personally involved with his transfer because Bugarin personally escorted him to Facility 3-A and was thus liable. (*Id*. at 3.)

The Court held a telephonic discovery and status conference on September 12, 2017. For the first time, Plaintiff expressed an intention to amend his complaint in order to add the individuals who recommended his transfer to Facility 3-A (Noland and Rasley). Plaintiff stated that these individuals were identified in Defendants' pending motion for summary judgment, which was filed on June 14, 2017. (ECF No. 35.)

On September 18, 2017, Plaintiff filed a two-page document titled "motion amended civil rights complaint under 42 U.S.C. 1983." (ECF No. 43.) On page 1, the document stated that "Plaintiff would like to add additional defendants to suit, Wade Rasley (Sergeant) and Tracy Noland (Correctional Officer)." (*Id*. at 1.) On page 2, the document stated:

> On 4.5.2012 Plaintiff was cleared to move from 3B facility to 3A facility which resulted in Plaintiff's assault on 4.26.12 by Sergeant Wade Rasley and the move was requested by Correctional Officer Tracy Noland. In addition to Counselor J. Burgarin who personally escorted me to 3A and SGT Gonzales who failed to protect I would like to add the two more defendants.

(*Id*. at 2.) This filing did not restate the allegations from the 1AC that led the Court to find cognizable claims for failure to protect against Defendants Bugarin and Gonzales. In fact, the filing did not even mention that Plaintiff was attacked by another inmate. Plaintiff did not attach a proposed Second Amended Complaint to the document.

On November 20, 2017, the Court denied Plaintiff's motion to amend. (ECF No. 48.) The Court reasoned that the document Plaintiff filed "appears to be a piecemeal amendment to the First Amended Complaint, which is improper. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) ('As a general rule, when a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.' *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)')." (*Id*. at 1-2.) The Court further explained that "[i]f Plaintiff wishes to amend, Local Rules require that he must file a motion for leave to file a Second Amended Complaint, attach the proposed complaint as an exhibit, and the proposed amendment must be complete in itself without reference to the prior or superseded pleading. CAED Local Rules 137, 220." (*Id*. at 2.) The Court also gave Plaintiff detailed instructions regarding the procedures for filing a motion for leave to file a Second Amended Complaint ("2AC"). (*Id*.)

In a subsequent telephonic status conference on November 27, 2017, Plaintiff again announced his intention to file a motion for leave to file a 2AC. The Court informed Plaintiff that the case had already proceeded late into the discovery schedule and any further delay

would likely lessen the likelihood that a motion for leave to file an amended complaint would be granted. Plaintiff indicated that he would file the motion to amend immediately.

Two months later, findings and recommendations ("F&R") were entered on January 24, 2018 recommending that Defendants Bugarin and Gonzales' motion for summary judgment be denied. (ECF No. 54.) The F&R noted the history of this case and that Plaintiff had not yet filed a motion for leave to file a 2AC. (*Id*. at 3.)

### III. PLAINTIFF'S PROPOSED SECOND AMENDED COMPLAINT

On February 12, 2018, Plaintiff filed a motion for leave to file a 2AC. (ECF No. 56.) The motion noted that it was based upon the Court's November 20, 2017 Order, but gave no reason for waiting two and a half months to file the motion. (*Id*. at 1.) Plaintiff's stated intent was to add the additional defendants that authorized his transfer to Facility 3-A. (*Id*. at 1-2.)

The proposed 2AC alleges that he was housed in 3-B pending transfer to another prison. (ECF No. 57 at 5.) However, Defendant Bugarin, at the requests of Sergeant W. Rasley and Correctional Officer T. Noland, transferred Plaintiff to Facility 3-A, where Plaintiff's known documented enemy was housed. (*Id*.) Plaintiff states in conclusory fashion that Rasley and Noland "knew of [Plaintiff's] security concerns prior to their request because it is documented and standard protocol to ensure the safety of staff and prisoner[s]." (*Id*. at 5-6.) Plaintiff further states that Rasley and Noland's intention was to provoke staged fights amongst prisoners. (*Id*. at 6.)

In addition to Defendants Rasley and Noland, Plaintiff also alleges a new claim for failure to protect against unknown Unit Classification Committee (U.C.C.) members 1-3. (*Id*.) Plaintiff alleges that the U.C.C. members also had access to Plaintiff's known enemy information, but failed to protect him by releasing him to "program" in Facility 3-A with inmate Butler. (*Id*.) Plaintiff names the U.C.C. members as Jane/John Does 1-3, "pending discovery order to ascertain their true identity." (*Id*. at 6-7.)

Also for the first time in this litigation, Plaintiff's proposed 2AC alleges a second claim alleging that all current and newly-added defendants engaged in a conspiracy to violate his constitutional rights by their multiple acts/omissions that led to Plaintiff being housed with a

5

known enemy in Facility 3-A. (*Id*. at 7.) Plaintiff alleges that the defendants knew this transfer would result in a violent confrontation, and a conspiracy can be inferred by the defendants' multiple actions/omissions. (*Id*.)

### IV. MOTION FOR LEAVE TO AMEND LEGAL STANDARD

"Rule 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. Pro. 15(a)(2); *C.F. v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011); *Zucco Partners, LLC v. Digimarc Ltd.*, 552 F.3d 981, 1007 (9th Cir. 2009). "This policy is to be applied with extreme liberality." *C.F.*, 654 F.3d at 985; *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). In the Ninth Circuit, these factors are commonly referred to as the "*Foman* factors." *See Eminence*, 316 F.3d at 1052.

### V. DISCUSSION

Defendant Bugarin and Gonzales have filed an opposition to the motion for leave to file a 2AC based upon the untimeliness of the motion (undue delay) and the potential prejudice caused if amendment is permitted. (ECF No. 59.)

#### A. Undue Delay

The Court finds that Plaintiff unduly delayed in requesting his amendment.

The need for amendment to the complaint was discussed in detail on the record in the May 2, 2017 initial discovery conference. Review of Defendants' initial disclosures produced prior to the conference would have revealed the identity of the individuals responsible for

Plaintiff's transfer to Facility 3-A. At the May 2, 2017 conference, however, Plaintiff indicated that, "No, I would like to go forward… I have the right people."

A month later, on June 14, 2017, Defendants Bugarin and Gonzales filed a motion for summary judgment, which cited to evidence indicating that third-parties Sergeant Rasley and Officer Noland were responsible for Plaintiff's transfer to Facility 3-A. Plaintiff did not file a timely response the motion. When Plaintiff did respond three months later, on September 18, 2017, he stated that Defendant Bugarin was liable and did not mention Rasley and Noland.

The first time that Plaintiff expressed his intention to amend his complaint to add Rasley and Noland as defendants was during a telephonic discovery and status conference held on September 12, 2017. Even though Plaintiff had previously filed an amended complaint in this case and should have been aware of the appropriate procedure for filing an amended complaint, Plaintiff elected to file a 2-page piecemeal document that did not contain sufficiently detailed allegations to state claims against any defendant. On November 20, 2017, the Court again gave Plaintiff detailed instructions for filing an amended complaint. (ECF No. 48.) The need for amendment was discussed again directly with Plaintiff in a telephonic status conference on November 27, 2017. Plaintiff indicated he would seek leave to amend immediately.

However, Plaintiff waited until February 2018 to request leave to file a 2AC and gave no reason in the motion for waiting as long as he did. In a telephonic conference held on March 7, 2018, Plaintiff indicated only that the process of amendment was difficult. In light of Plaintiff's prior successful amendment to the complaint and prior refusal to add the new defendants, the Court does not find this reason convincing so as to justify a delay of over nine months to properly amend his complaint.

The Court has additional concerns about the proposed 2AC. As described above, the proposed 2AC contains conclusory allegations against Rasley, Noland and the unknown defendants concerning the knowledge they had at the time of the decision was made to transfer Plaintiff to Facility 3-A. These conclusory allegations are subject to dismissal under the federal pleading standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949–50, 173 L.

Ed. 2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007), for the principle that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and the court is "not bound to accept as true a legal conclusion couched as a factual allegation"). Permitting the filing of the 2AC here would therefore cause further undue delay in the form of the need for Plaintiff to file additional amendments to cure his pleading defects.[2]

In these circumstances, the Court finds undue delay by the Plaintiff in seeking amendment to his complaint. Undue delay, while relevant, will not by itself justify denial of leave to amend. *See, e.g., Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) ("The delay of nearly two years, while not alone enough to support denial, is nevertheless relevant. *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1319–20 (9th Cir.1984)"); *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) ("Specifically, we noted that delay alone no matter how lengthy is an insufficient ground for denial of leave to amend"); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (reversing trial court decision to deny leave to amend after unjustified five-year delay and noting that "we know of no case where delay alone was deemed sufficient grounds to deny a Rule 15(a) motion to amend").

Rather, the undue delay must usually be coupled with another factor, such as bad faith or undue prejudice, to support denial of leave to amend. *See, e.g., AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (denial of leave to amend appropriate where fifteen months passed between the time movant first discovered a new theory and the amendment would have caused prejudice in the form of potentially high, additional litigation costs by requiring the parties to scramble to ascertain facts concerning new theory, even though eight months remained in the discovery schedule); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (denial of leave to amend proper where leave to amend not requested until

---

[2] Denying leave to amend is also appropriate where the amendment would be futile or where the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989)).

8

"eight months after the district court granted summary judgment against it, and nearly two years after filing the initial complaint" and where non-movant would have been "unreasonably prejudiced by the addition of numerous new claims so close to trial"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387-88 (9th Cir. 1990) (denial of leave to amend appropriate where movant informed the court of intention to file an amended complaint in March 1987, but delayed offering amendment until May 1988 and delay caused prejudice in the form of a need to re-conduct discovery); *Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) ("Ordinarily, leave to amend pleadings should be granted regardless of the length of time of delay by the moving party absent a showing of bad faith by the moving party or prejudice to the opposing party").

### B. Prejudice

Prejudice to the opposing party is the most important factor in deciding whether to grant or deny leave to amend. *Eminence*, 316 F.3d at 1052 (citing cases for principle that prejudice is factor carrying the greatest weight in deciding whether to grant leave to amend). Standing alone, the mere addition of new claims and parties does not typically amount to undue prejudice. *See DCD*, 833 F.2d at 186 ("[The Rule 15(a)] liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties").

However, substantial undue prejudice will be found where new theories would alter the nature of the litigation and are alleged late in the discovery schedule or after the discovery window has closed. *See, e.g., Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (finding substantial prejudice justifying denial of leave to amend where the "additional causes of action would have required further discovery, which was to close five days after the motion to amend was filed"); *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (finding that a "need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint"); *Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming the denial of leave to amend where leave requested "on the eve of the discovery deadline" and "[a]llowing the motion would have required re-opening discovery, thus delaying

the proceedings"); *Morongo*, 893 F.2d at 1079 (affirming district court decision to deny leave to amend where "new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense").

Here, the discovery window closed on November 17, 2017, a settlement conference is scheduled for April 5, 2018, the dispositive motions deadline is set for April 28, 2018, and the jury trial in this case is scheduled for December 11, 2018. Permitting amendment at this late stage would require reopening discovery for an extended period of time to permit the parties to conduct discovery concerning the new defendants and the new theories in the proposed 2AC. Further, Plaintiff's proposed amended complaint also attempts to add "John/Jane Does 1-3" necessitating the need to conduct third-party discovery to identify additional defendants. Permitting amendment would effectively cancel the settlement conference set for April 5 because the addition of the new claim and parties would make it impossible to resolve the litigation. The dispositive motions deadline and trial would also have to be continued if amendment were permitted.

Permitting amendment at this time would cause prejudice to the defendants because they have already gone through the entire discovery process in anticipation of filing a dispositive motion concerning the claims in Plaintiff's 1AC, and Plaintiff's new claims in the proposed 2AC differ, necessitating additional discovery. This prejudice coupled with Plaintiff's unjustified delay in requesting amendment when the facts had been known to him early in the case necessitate denial of leave to amend. *See, e.g., Lockheed*, 194 F.3d at 986 (leave to amend properly denied where non-movant prejudiced and when movant had been considering amendment for months but offered no explanation for delay); *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996) (affirming denial of leave to amend where movant "previously had an opportunity to timely amend its complaint and it failed to do so"); *Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986) (denial of leave to amend appropriate where "the court has already given the plaintiff an

opportunity to amend his complaint" and "factual bases of the claims were known to[movant] long before").

## VI. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Plaintiff's motion for leave to file a Second Amended Complaint (ECF No. 56) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 27, 2018**        /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE