UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REAMEL CURTIS,<br><br>Plaintiff,[1]<br><br>v.<br><br>J. GONZALES and J. BURGARIN,<br><br>Defendants. | Case No. 1:15-cv-00553-LJO-JDP<br><br>ORDER REQUIRING PLAINTIFF TO FILE OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>ORDER DIRECTING CLERK OF COURT TO AMEND CASE CAPTION |

**I.     OPPOSITION TO DEFENDANTS' SUMMARY JUDGMENT MOTION**

Plaintiff Reamel Curtis is a state prisoner proceeding *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. On April 26, 2018, defendants J. Gonzales and J. Burgarin moved for summary judgment. (Doc. No. 66.) They served their motion on plaintiff by mailing it to him at his last known address. (*Compare* Doc. No. 65, at 1, *with* Doc. No. 66, at 3.) Plaintiff had 21 days to oppose defendants' motion under Local Rule 230(l), but he failed to do so.

Local Rule 230(l) provides that the failure to oppose a motion "may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions."

---

[1] The court will proceed with the understanding that "Curtis" is plaintiff's last name. Plaintiff identified himself as "Curtis Reamel" in his objections to findings and recommendations denying leave to file a second amended complaint. (Doc. No. 65.) However, complaints, deposition transcripts, and various administrative documents identify him as "Reamel Curtis." (Doc. Nos. 1 (original complaint), 12 (first amended complaint), 57 (second amended complaint, 66-6, at 4 (deposition transcript), 66-4, at 8 (California Department of Corrections, committee action summary), 66-4, at 10 (bed assignments).)

As a sanction, the court may treat the facts asserted by defendants as "undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). The court may also dismiss the case for plaintiff's failure to prosecute or failure to comply with a court order.

The court will allow plaintiff one more opportunity to oppose the motion for summary judgment. Plaintiff must file a response to defendants' motion for summary judgment by the deadline set forth below and explain the reason for his delay. If plaintiff fails to do so, the court will deem defendants' motion unopposed, grant the motion on the merits, and dismiss the case. Defendants need not file a response to plaintiff's opposition to summary judgment absent an order from the court.

**II.    CASE CAPTION**

The case caption shows three defendants: J. Gonzales, J. Burgarin, and Martinez. The court allowed plaintiff to proceed against defendants Gonzales and Burgarin; it did not allow him to proceed against defendant Martinez. Defendant Martinez was apparently added to the case caption because of typographical errors. (*See* Doc. Nos. 15, 20.) The court will direct the clerk of court to remove defendant Martinez from the case caption.

**III.    ORDER**

Accordingly,

1. By Monday, July 16, 2018, plaintiff Reamel Curtis must file an opposition to defendants J. Gonzales and J. Burgarin's motion for summary judgment.
2. The clerk of court is directed to amend the case caption to remove defendant Martinez as a party.

IT IS SO ORDERED.

Dated:    June 25, 2018                                        /s/ *Jeremy D. Peterson*
                                                               UNITED STATES MAGISTRATE JUDGE