UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REAMEL CURTIS,<br><br>    Plaintiff,<br><br>    v.<br><br>J. GONZALES and J. BURGARIN,<br><br>    Defendants. | Case No. 1:15-cv-00553-LJO-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT THE COURT DISMISS THE CASE FOR PLAINTIFF'S FAILURE TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(Doc. No. 66.) |

Plaintiff Reamel Curtis is a state prisoner proceeding *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. On April 26, 2018, defendants J. Gonzales and J. Burgarin moved for summary judgment. (Doc. No. 66.) They served their motion on plaintiff by mailing it to him at his last known address. (*Compare* Doc. No. 65, at 1, *with* Doc. No. 66, at 3.) Plaintiff had 21 days to oppose defendants' motion under Local Rule 230(l), but he failed to do so. The undersigned gave plaintiff another chance to respond to defendants' motion for summary judgment, allowing plaintiff to respond to the motion by Monday, July 16, 2018. (Doc. No. 72.) The undersigned also explained that if plaintiff failed to respond by the new deadline, the court might deem defendants' motion unopposed, grant the motion on the merits, and dismiss the case. Plaintiff's new deadline for responding to defendants' motion for summary judgment has passed, and plaintiff still has not responded.

Local Rule 230(l) provides that the failure to oppose a motion "may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions."

1

Among other sanctions, the court may treat the facts asserted by defendants as "undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

Considering plaintiff's failure to respond to defendants' summary judgment motion, the undersigned recommends that the court deem the facts asserted by defendants undisputed and grant their motion for summary judgment on the merits. *See* Fed. R. Civ. P. 56(e)(2). Specifically, the undersigned recommends that the court credit defendant's asserted facts, including:

(a) Defendant Bugarin did not disregard plaintiff's substantial risk of serious harm. Plaintiff contends that Bugarin knew that inmate Butler was plaintiff's "documented enemy," but nonetheless approved plaintiff's transfer to Facility 3-A, where Butler attacked him. (Doc. No. 13, at 6; *see also* Doc. No. 12, ¶¶ 9-10.) However, Correctional Sergeant Rasley, not Burgarin, approved plaintiff's transfer to Facility 3-A. (Doc. No. 66-4, ¶¶ 7-8, 13.) Burgarin did not participate in transferring plaintiff to Facility 3-A, and thus did not disregard plaintiff's risk of serious harm. Plaintiff later changed his theory and testified during his deposition that Bugarin escorted plaintiff to Facility 3-A (Doc. No. 66-6, at 11:25-12:3), but this never happened (Doc. No. 66-4, ¶ 8).

(b) Defendant Gonzales did not disregard plaintiff's substantial risk of serious harm. Plaintiff contends that, after his transfer to Facility 3-A, Gonzales ignored his warning of safety risks and his request to be transferred to a new location. (Doc. No. 13, at 6; Doc. No. 12, ¶¶ 11-13.) Plaintiff, however, conceded during his deposition that he never had any personal interaction with Gonzales. (Doc. 66-6:11-13.) He sent Gonzales two request forms to discuss "housing" with Gonzales, but those forms did not inform Gonzales of plaintiff's safety risk, and Gonzales did not learn about the risk. (*Id*. at 8:18-10:7; Doc. No. 66-5, ¶ 4.)

These undisputed facts defeat plaintiff's failure-to-protect claims, since he cannot show that defendants were deliberately indifferent to his safety—as would be required for plaintiff to succeed on his failure-to-protect claims. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). No other claim remains, and the grant of summary judgment ends the case.

The undersigned also recommends that the court dismiss this case for plaintiff's failure to prosecute and failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Dismissal for a plaintiff's failure to prosecute or failure to comply with a court order operates as an adjudication on the merits unless the court orders otherwise. *See* Fed. R. Civ. P. 41(b). Deciding whether to dismiss a case with prejudice for failure to prosecute is a matter committed to the court's discretion. *See Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). Involuntary dismissal is a harsh penalty, but a district court has duties to resolve disputes expeditiously and to avoid needless burden for the parties. *See* Fed. R. Civ. P. 1; *Pagtalunan*, 291 F.3d at 642.

The fact that defendants have litigated this case all the way to summary judgment only to meet with plaintiff's unreasonable delay favors dismissal with prejudice. Considering the public's interest in expeditious resolution of litigation and this court's need to manage its docket, the undersigned recommends that the court dismiss the case with prejudice.

**Findings and Recommendation**

The undersigned recommends that the court dismiss the case with prejudice for two independent reasons:

1. The facts asserted by defendants J. Gonzales and J. Burgarin in their motion for summary judgment are unopposed under Fed. R. Civ. P. 56(e)(2), so the court should grant defendants' summary judgment motion (Doc. 66) on the merits.
2. Plaintiff's failure to prosecute this case and failure to comply with a court order warrant dismissal.

The undersigned submits the findings and recommendations to the district judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, plaintiff may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

Plaintiff's failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: July 19, 2018

                                             UNITED STATES MAGISTRATE JUDGE